*242 SENTELLE, Circuit Judge,
concurring in the judgment:
I agree with the majority that this case must be dismissed. I remain of the opinion that it should have been dismissed in its last appearance before this Court, see Public Citizen, Inc. v. Nat’l Highway Traffic Safety Administration, 489 F.3d 1279, 1298 (D.C.Cir.2007) (Sen-telle, J., dissenting). As the majority noted in the earlier iteration of this litigation, the probabilistic approach to standing now being applied in increased-risk cases expands the “ ‘proper — and properly limited’ — constitutional role of the Judicial Branch beyond deciding actual cases or controversies; and ... entails] the Judiciary exercising some part of the Executive’s responsibility to take care that the law be faithfully executed.” Public Citizen, 489 F.8d at 1295 (quoting DaimlerChrysler v. Cuno, 547 U.S. 332, 126 S.Ct. 1854, 164 L.Ed.2d 589 (2006)). As the majority further recognized in the earlier opinion, “[t]o the extent Congress is concerned about Executive under-regulation or under-enforcement of statutes, it also may exercise its oversight role and power of the purse.” 489 F.3d at 1295 (citing Laird v. Tatum, 408 U.S. 1, 15, 92 S.Ct. 2318, 33 L.Ed.2d 154 (1972)).
As the majority succinctly stated in the earlier opinion:
The Supreme Court has repeatedly held that disputes about future events where the possibility of harm to any given individual is remote and speculative are properly left to the policymaking Branches, not the Article III courts.
Id. The majority’s discussion today illustrates the ill fit between judicial power and that sort of future event and possible harm. The wide-ranging, near-merits discussion at the standing threshold is the sort of thing that congressional committees and executive agencies exist to explore. The judicial process is constitutionally designed for cases or controversies involving actual or imminent harm to identified persons — that is, the persons who have standing. If we do not soon abandon this idea of probabilistic harm, we will find ourselves looking more and more like legislatures rather than courts.
I agree with the majority that this case must be dismissed.